IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>ERNEST LEANDER SHAW | Criminal Action No.<br><br>2:18-cr-00032-RWS-JCF |

**Government's Sentencing Memorandum**

The United States of America, by Byung J. Pak, United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, files this Sentencing Memorandum, wherein the government sets forth its recommendation that the Court impose a custodial sentence of 41 months, to be followed by a term of supervised release of five years. Sentencing is currently set for July 1, 2019, at 2:00 p.m.

**A. The PSR Correctly Calculates Defendant's Guideline Range.**

On January 4, 2019, defendant Ernest Leander Shaw ("Defendant") pleaded guilty to the sole count in the Criminal Indictment of possessing at least one visual depiction of a minor, including at least one prepubescent minor and at least one minor who had not attained 12 years of age, engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2). The Final Presentence Investigation Report ("PSR") correctly calculated Defendant's Base Offense Level at 18. The PSR also correctly applied

several enhancements to the Base Offense Level: (a) a two-level enhancement because the materials involved the depiction of a prepubescent minor or a minor who had not attained the age of 12 years; (b) a two-level enhancement because the materials involved the use of a computer; (c) a five-level enhancement for the size of the collection, *i.e.*, 600 or more images; and (d) a four-level enhancement because the collection portrayed sadistic or masochistic conduct. (PSR, ¶¶ 24-26.) The PSR correctly calculated Defendant's Adjusted Offense Level as 31. After a reduction for acceptance of responsibility under USSG § 3E1.1, the PSR calculated Defendant's Total Offense Level at 28. The PSR also correctly calculated Defendant's Criminal History Category at I. The resulting Custody Guidelines Range is 78 months to 97 months of imprisonment.

### B. A Downward Variance is Reasonable under the 18 U.S.C. § 3553(a) Factors.

To determine a reasonable sentence, a court must first correctly calculate the applicable Guidelines range. *See e.g., Gall v. United States*, 552 U.S. 38, 49 (2007). The court "should then consider all of the § 3553 factors to determine whether they support the sentence requested by a party." 552 U.S. at 49. Section 3553(a)[1] factors include, among other things:

---

[1] Unless otherwise noted, all statutory references shall be to the U.S. Sentencing Guidelines.

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed—

  (A)  to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense;

  (B)  to afford adequate deterrence to criminal conduct;

  (C)  to protect the public from further crimes of the defendant; . . ..

Typically, the government recommends a sentence within the properly calculated Guidelines range because the government finds that the Guidelines—that contemplate factors such as the defendant's criminal history, the severity of the instant offense and certain mitigating and aggravating facts—produce sentences that are reasonably related to a defendant's criminal conduct, including a defendant's culpability relative to similarly situated individuals. However, on those occasions when the government determines that the Guidelines do not adequately capture the severity (or lack thereof) of a defendant's crimes, the government may seek a departure or variance. Here, because the Guidelines do not properly reflect the severity of this defendant's offense when the overall content and quantity of the images and videos of Defendant's collection are considered, the government recommends the Court impose a 41 month term of imprisonment, to be followed by a five year term of supervised release, which is a sentence outside the Guidelines framework. Section 3553(a) factors support the government's recommendation.

### 1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant Justify This Sentence.

The nature and circumstances of the offense and the history and characteristics of the defendant justify this recommended sentence. Defendant had a sizable collection of sexually explicit material involving prepubescent minors and minors who had not attained 12 years of age. The individual image files show that Defendant has a strong sexual interest in minor girls between the ages of six and twelve years old. The majority of the image files depict nude, or barely clothed, prepubescent girls and girls who had not attained the age of 12 engaged in sexually explicit conduct, such as lewdly displaying their vaginas and anus and engaging in sex acts involving the sex organs of obviously adult men. A smaller number of image files depict prepubescent girls and girls who had not attained the age of 12 engaged in sex acts involving vaginal or anal penetration by an apparent adult man. The Eleventh Circuit has recognized that material that portrays vaginal or anal penetration of a young child by an adult male is necessarily painful or sadistic. *See United States v. Hall*, 312 F.3d 1250, 1262 (11th Cir. 2002). The reprehensible nature of this offense cannot be overstated. As the Eleventh Circuit noted: "Young children were raped in order to enable the production of the pornography . . .. The greater the customer demand for child pornography, the more that will be produced." *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008) (*quoting United States v. Goldberg*, 491 F.3d 668, 682 (7th Cir. 2007)).

Moreover, as the PSR notes, Defendant worked as a substitute teacher for Jackson County at the time that he was in possession of the child pornography. (PSR, ¶ 54.)  The investigation reflected that Defendant worked at all levels of schools in Jackson County, including elementary schools.  The government has not received any reports of victims in any of these schools.  However, it is a particularly disturbing aspect of Defendant's conduct.  Accordingly, based on the nature and circumstances of the offense and Defendant's history as a substitute teacher, a custodial sentence of 41 months, to be followed by a term of supervised release of five years, is appropriate.

### 2. The Sentence Reflects the Seriousness of the Offense, Promotes Respect for the Law and Provides Just Punishment.

Second, a custodial sentence of 41 months, to be followed by a term of supervised release of five years, would reflect the seriousness of the offense, promote respect for the law and provide just punishment.  As discussed above, Defendant's collection consisted of numerous images of prepubescent girls and girls under the age of 12 years engaged in sexually explicit conduct, including some image files that depicted such young girls engaged in sadistic conduct.  In *Pugh*, 515 F.3d at 1195-1198, the court noted the "gravity" of child pornography, including the harm to the countless known and unknown victims and the possession of child pornography leading to an ever expanding marketplace.

While the seriousness of this offense deserves a substantial sentence of imprisonment, the government contends that a variance is appropriate in light of the enhancements applied for the quantity and content of Defendant's collection:

- Size of Collection

The PSR applied a five-level enhancement for the size of Defendant's collection. Defendant's collection of images and videos of child pornography, however, is not as large as the collections of other defendants prosecuted in this district. The PSR reflects that there were 1729 images and 43 videos of minors engaged in explicit sexual activity and/or images where genitals are displayed, including at least one image of a prepubescent minor or a minor under 12 years old. (PSR, ¶ 19.) By comparison, some defendants in this district have been prosecuted for possession of multiple terabytes of child pornography. The five-level enhancement, therefore, overstates the size of Defendant's collection relative to other offenders with significantly larger collections.

- Sadistic/masochistic images

The PSR applied a four-level enhancement for possession of materials that depict sadistic or masochistic conduct, which is defined by the Eleventh Circuit as material that portrays vaginal or anal penetration of a young child by an adult. *See Hall*, 312 F.3d at 1263. The full enhancement applies whether an offender possesses one qualifying image or thousands of such images. Here, Defendant possessed a number of image files portraying the penetration of prepubescent girls and girls who had not attained the age of 12 years; however, the majority of

Defendant's collection did not depict sadistic behavior.  While Defendant's entire collection is disturbing and depraved, the government considers that Defendant's collection did not contain exclusively sadistic or masochistic images as grounds for a sentence outside the Guidelines.

- Prepubescent minors

The PSR applied a two-level enhancement for possessing materials depicting minors under the age of 12 years.  Since the vast majority of Defendant's collection consists of prepubescent girls and girls who are under 12 years of age, the court should consider this factor in determining a reasonable sentence.

- Use of a Computer

The PSR applied a two-level enhancement for the use of a computer. Virtually all of the child pornography cases prosecuted in this district involve the use of a computer.  Defendant's collection was contained on thumb drives, but there was not anything particularly sophisticated in his use of the computer. Accordingly, the government considers Defendant's use of a computer as additional grounds for a sentence outside the Guidelines.

### 3. This Sentence Affords Adequate Deterrence

Lastly, a custodial sentence of 41 months, to be following by a term of supervised release of five years, would provide adequate deterrence by sending a message to Defendant, and to other persons who seek to possess child pornography, that such conduct will result in a significant term of imprisonment.

## C. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a custodial sentence of 41 months, to be followed by a term of supervised release of five years.

> Respectfully submitted,
>
> BYUNG J. PAK
> *United States Attorney*
>
>
> /s/SEKRET T. SNEED
> *Assistant United States Attorney*
> Georgia Bar No. 252939
> sekret.sneed@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by sending a copy via the United States Attorney's Office encrypted email system to:

>Richard Holcomb
>Richard_Holcomb@fd.org

June 26, 2019

>*/s/ Sekret T. Sneed*
>SEKRET T. SNEED
>*Assistant United States Attorney*